UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA PENNINGTON, | ) | Case No. CV 13-05219-JEM |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER AFFIRMING DECISION OF |
| | ) | THE COMMISSIONER OF SOCIAL |
| CAROLYN W. COLVIN, | ) | SECURITY |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On July 30, 2013, Linda Pennington ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Disabled Widow's benefits and Supplemental Security Income benefits.  The Commissioner filed an Answer on November 12, 2013.  On February 14, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 58-year-old female who applied for Disabled Widow's benefits on July 17, 2009[1] and Supplemental Security Income benefits on June 22, 2009, alleging disability beginning July 2, 2006.  (AR 20.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 2, 2006, the alleged onset date.  (AR 23.)

Plaintiff's claims were denied initially on November 18, 2009 and on reconsideration on March 18, 2010.  (AR 20.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") James D. Goodman on February 24, 2011, in Pasadena, California.  (AR 20)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 20.)

The ALJ issued an unfavorable decision on September 12, 2011.  (AR 20-31.) The Appeals Council denied review on June 13, 2013.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.  Whether the ALJ erred by not crediting the opinions of the consultative examining physician and Plaintiff's treating physician.

2.  Whether the ALJ erred by not considering additional impairments to be severe at Step 2 and whether then, at Step 5, his findings are tainted with non-harmless error.

3.  Whether the ALJ's determination that Plaintiff could perform other work was erroneous.

---

[1]  In this case, Claimant's prescribed period of disability began on May 6, 2006, the date the wage earner/husband died.  (AR 21.)  Therefore, the Claimant must establish that her disability began on or before May 31, 2013 in order to be entitled to Disabled Widow's benefits.  (AR 21.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

1    The first step is to determine whether the claimant is presently engaging in

2    substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the

3    claimant is engaging in substantial gainful activity, disability benefits will be denied.

4    Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether

5    the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at

6    746.  An impairment is not severe if it does not significantly limit the claimant's ability to

7    work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment

8    is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I

9    of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the

10    listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S.

11    at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant

12    from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

13    Before making the step four determination, the ALJ first must determine the

14    claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is

15    "the most [one] can still do despite [his or her] limitations" and represents an assessment

16    "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The

17    RFC must consider all of the claimant's impairments, including those that are not severe.

18    20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

19    If the claimant cannot perform his or her past relevant work or has no past

20    relevant work, the ALJ proceeds to the fifth step and must determine whether the

21    impairment prevents the claimant from performing any other substantial gainful activity.

22    Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of

23    proving steps one through four, consistent with the general rule that at all times the

24    burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d

25    at 746.  Once this prima facie case is established by the claimant, the burden shifts to

26    the Commissioner to show that the claimant may perform other gainful activity.

27    Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a

28    claimant is not disabled at step five, the Commissioner must provide evidence

4

demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 2, 2006, the alleged onset date. (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bipolar disorder, depressed; and alcohol dependence. (AR 23.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 23-24)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: she is limited to simple, repetitive tasks.  (AR 24-28.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 27.)

At step four, the ALJ found that Plaintiff has no past relevant work.  (AR 28.)  The ALJ also found that considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform.  (AR 29-30.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 30.)

## DISCUSSION

The ALJ decision must be affirmed.  The ALJ properly considered the medical evidence, properly considered Plaintiff's nonsevere impairments and properly discounted Plaintiff's credibility  The ALJ's RFC is supported by substantial evidence.

The ALJ did not err in basing his step five decision that Plaintiff could perform unskilled work in the national economy on the Grids, without VE testimony.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I.     THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Three of Plaintiff's contentions challenge the ALJ's RFC.  Plaintiff argues that medical evidence establishes that she has a Listing level impairment, the ALJ failed to consider properly her nonsevere and other impairments and the ALJ improperly discounted her credibility.  The Court disagrees.

The RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

### A.     The ALJ Properly Considered The Medical Evidence

Plaintiff contends that the ALJ improperly rejected the treating source opinions at the Arcadia Mental Health Center and some of the opinions of the consulting psychologist, both of which she claims would establish a Listing level impairment.  Plaintiff's contentions lack merit.

#### 1.     Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating

physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2.    Analysis

Claimant Linda Pennington alleges an inability to work because of mental impairments.  The ALJ found that Ms. Pennington has the medically determinable severe impairments of bipolar disorder, depressed; and alcohol dependence.  (AR 23.)  The ALJ, however, also found that Claimant had the RFC to perform a full range of work at all exertional levels but with a limitation to simple, repetitive tasks.  (AR 24.)

Plaintiff's treating sources at Arcadia Mental Health Center submitted a Mental Disorders Questionnaire Form dated December 21, 2010.  (AR 25-26, 587-594.)  A psychiatric social worker filled out the form and Plaintiff's treating psychiatrist Dr. Shahin Khashayar signed off on it.  (AR 25-26, 587-594.)  The Questionnaire Form indicates Claimant's intelligence is average (AR 589) but she has marked impairment in daily activities because of her mental disorder (AR 590) and marked impairment in social functioning.  (AR 591.)  Claimant's condition contributes to a diminished ability to focus, concentrate and remember.  (AR 591.)  The Questionnaire Form states that Ms. Pennington would be expected to have significant difficulty performing work-related activities on a day-to-day basis in a regular work setting.  (AR 591.)  She was diagnosed with bipolar disorder, most recent episode depressed, severe, with psychotic features. (AR 592.)  The Form opines that Claimant's condition meets Listing 12.04 for affective disorders.  (AR 592-593.)

The ALJ rejected the treating source opinions from Arcadia Mental Health Center, including those of Dr. Khashayar, because they were not supported by objective evidence.  (AR 26.)  He noted that the Arcadia Mental Health records lack any type of objective psychological testing.  (AR 26.)  An ALJ may reject a treating physician's opinion that is inadequately supported by medical evidence or objective medical findings, unsupported by the record as a whole or is brief and conclusory.  Thomas, 278 F.3d at 957; Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004.)

The ALJ also noted that the treating source opinions at Arcadia Mental Health Center were not consistent with other substantial evidence in the record.  (AR 26.)

1  Thomas, 278 F.3d at 957; Batson, 359 F.3d at 1195; Connett v. Barnhart, 340 F.3d 871,

2  875 (9th Cir. 2003) (ALJ may reject treating physician's opinion that is inconsistent with

3  other medical opinion evidence).  The ALJ based his mental RFC primarily on the March

4  26, 2011 opinion and findings of consulting clinical psychologist Dr. Ahmad Riahinejad,

5  Ph.D., who found Plaintiff capable of performing simple repetitive tasks.  (AR 25, 643-

6  650.)  After testing which indicated malingering (discussed below), Dr. Riahinejad found

7  Claimant capable of understanding, remembering and carrying out simple, repetitive

8  instructions.  (AR 25, 647, 648.)  He also noted she is able to relate with other people

9  and accept supervision.  (AR 25, 647.)  He did find she would have difficulty with

10  complex instructions and that her pace was slow and would have difficulty with some

11  fast-paced types of positions.  (AR 25, 647.)  Additionally, the ALJ relied on the RFC

12  assessment of State reviewing psychiatrist Dr. R. Tashian who also found Plaintiff

13  capable of simple, repetitive tasks.  (AR 25, 453-455.)  Although the ALJ gave the

14  assessments of Dr. Riahinejad and Dr. Tashian more weight, the ALJ also noted the

15  corroborating assessments of other State agency reviewers and consulting psychiatrist

16  Dr. Minh-Khoi Duong, all of whom found Plaintiff capable of at least simple, repetitive

17  work.  (AR 25, 431-432, 440-450, 435-439.)

18      The ALJ also found that the progress notes and reports at Arcadia Mental Health

19  Center appear to be largely based on Plaintiff's subjective symptom allegations.  (AR

20  26.)  As discussed below, the ALJ found Plaintiff less than credible.  (AR 27-28.)  An ALJ

21  may reject a physician's opinion based on the claimant's discredited subjective

22  symptoms.  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (treating

23  physician's opinion based on the subjective complaint of claimant whose credibility has

24  been discounted properly disregarded); Andrews, 53 F.3d at 1043 ("an opinion of

25  disability premised to a large extent upon claimant's own accounts of his symptoms and

26  limitations may be disregarded once those complaints have themselves been properly

27  disregarded").

28

Based on the record as a whole, the ALJ found that Plaintiff did not meet the requirements of any Listing-level impairment. (AR 23-24.)  The ALJ specifically stated that Dr. Khashayar's assertion of a 12.04 Listing level impairment for affective disorder (AR 593) was not supported by objective medical evidence.  (AR 24.)  The ALJ noted that numerous State agency reviewers determined that Claimant's impairments did not meet Listing levels and that the consulting examiners' opinions were not consistent with a finding of Listing level impairments.  (AR 23.)  Plaintiff asserts that the ALJ erred in relying on the opinion of Dr. Duong because she did not review any medical records and inaccurately reported Plaintiff had never been hospitalized.  The ALJ's finding that Plaintiff did not meet a Listing, however, was based on the opinions of five State reviewing physicians and of Dr. Riahinejad in addition to Dr. Duong.  (AR 23.)  Plaintiff also relies on Dr. Riahinejad's opinions to support her argument that she has a Listing level impairment but Dr. Riahinejad's conclusion that Plaintiff is capable of simple, repetitive tasks is inconsistent with meeting a Listing.  (AR 23, 25.)[2]

Plaintiff also challenges the ALJ's RFC because it does not contain any pace limitations.  Dr. Riahinejad found that Plaintiff's pace "is slightly slow.  She would have problems with pace in fast-paced types of positions."  (AR 25, 647.)  The ALJ, however, rejected Dr. Riahinejad's pace opinion because it was not warranted by the objective record.  (AR 25.)  See Thomas, 278 F.3d at 957; Batson, 359 F.3d at 1195.  The ALJ

---

[2]     The ALJ specifically considered Listings 12.04 and 12.09 (AR 24) but also noted that State reviewing physicians determined that Claimant's impairments did not meet and were not equivalent to any listed impairment and the consulting examiners' opinions were not consistent with a finding of a Listing level impairment.  (AR 23.)  At no point during the proceeding below did Plaintiff raise any other Listing.  At the hearing, her counsel mentioned only 12.04.  (AR 59.)  Nonetheless, Plaintiff, for the first time in this appeal, contends she meets Listing 12.05C which requires a valid verbal, performance or full scale IQ of 60 through 70.  Dr. Riahinejad's testing indicated an IQ of 57 in the mildly retarded range.  (AR 646.)  Dr. Riahinejad, however, made the following findings:  Plaintiff's overall effort reflected "insufficient effort" (AR 645), her intellectual functioning was in "an undetermined range" (AR 645), her IQ score appeared to be "an underestimate" (AR 646) and her current functioning is "in an undetermined range of intellectual ability."  He concluded, "Rule Out Mental Retardation, Mild."  (AR 647.)  Plaintiff, then, relies on evidence that Dr. Riahinejad himself discredits.  The ALJ is not required to state why a claimant failed to satisfy every Listing.  Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990).

need not agree with everything an expert says in order to find that his testimony contains

substantial evidence.  Magallanes, 881 F.2d at 253.  The ALJ noted that Dr. Riahinejad

found Plaintiff's presentation to be an underestimate of her abilities and was unable to

determine Claimant's intellectual ability due to a lack of cooperation.  (AR 25.)  The ALJ

discounted Plaintiff's credibility.  (AR 27-28.)  The ALJ, moreover, noted that

Dr. Riahinejad's ultimate finding was that Claimant was able to understand, remember

and carry out simple and repetitive instructions.  (AR 25, 647.)  Additionally, the ALJ

observed that the broad category of concentration, persistence and pace is not an

assessment only of simple work but the full range of work.

Plaintiff disagrees with the ALJ's interpretation of the medical evidence but it is the

ALJ who has the responsibility for resolving conflicts in the medical evidence.  Andrews,

53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here,

it should not be second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.

2001).

The ALJ rejected the treating source opinions from the Arcadia Mental Health

Center, including those of Dr. Khashayar, for specific legitimate reasons supported by

substantial evidence.  The ALJ also rejected Dr. Riahinejad's pace finding for specific,

legitimate reasons supported by substantial evidence.

**B.    The ALJ Properly Considered Plaintiff's Additional Impairments**

Plaintiff contends that the ALJ's RFC fails to consider her hypertension and back

pain, her obesity and her alleged illiteracy.  These contentions lack merit.

The ALJ specifically considered Plaintiff's hypertension and back pain and found

these impairments to be nonsevere because "they do not cause a significant limitation in

the claimant's ability to perform basic work activities."  (AR 23.)  The ALJ based this

opinion on State agency reviewers who found Claimant's physical impairments to be

nonsevere.  (AR 23.)  Plaintiff, moreover, failed to identify any functional limitations

beyond the ALJ's RFC.  See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005)

(upholding ALJ decision where there was no evidence of functional limitations that would

1  have affected the ALJ's analysis).  Thus, the ALJ properly found that Claimant has

2  "solely nonexertional limitations."  (AR 29.)

3      Similarly, Plaintiff failed to provide any specific limitations caused by her obesity or

4  cite to any medical evidence indicating limitations due to obesity.  The ALJ, as already

5  indicated, found that Plaintiff had no exertional limitations.  (AR 24); see Burch, 400 F.3d

6  at 683-84 (no error where claimant failed to identify any functional limitations due to

7  obesity and there is no evidence in the record of any functional limitations due to

8  obesity).  Plaintiff's reliance on Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003) is

9  misplaced because there was no evidence in the record of limitations due to obesity.

10  Burch distinguished Celaya on that basis.

11      Plaintiff contends Plaintiff is illiterate because she could not read and understand

12  a psychological test.  (AR 646.)  The ALJ, however, found Claimant had a limited

13  education and could communicate in English.  (AR 28.)  As discussed below, the ALJ

14  found Plaintiff not fully credible.  (AR 27-28.)  Dr. Riahinejad found that Plaintiff

15  malingered on the exam in question.  (AR 647.)  In a prior consulting exam, Plaintiff was

16  able to complete a standard questionnaire with no indication she had any difficulty

17  reading or writing.  (AR 435.)  Numerous physicians, including Dr. Riahinejad, found

18  Plaintiff capable of understanding, remembering and carrying out simple and repetitive

19  instructions.  (AR 25.)  This repeated finding is fundamentally inconsistent with a lack of

20  literacy.

21      Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence and

22  ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation is

23  reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

24      **C.    The ALJ Properly Discounted Plaintiff's Credibility**

25      Plaintiff contends that the ALJ's adverse credibility determination is not supported

26  by substantial evidence.  The Court disagrees.

27  / / /

28  / / /

### 1.    Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### 2.    Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms.  (AR 27.)  The ALJ, however, also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the ALJ's assessed RFC.  (AR 27.)

The ALJ found considerable affirmative evidence of malingering and that the Claimant appears to be feigning disability.  (AR 27.)  In particular, the ALJ observed that there is considerable evidence of malingering and exaggeration at the consulting examination.  (AR 27.)  Dr. Riahinejad found Claimant's "overall attitude was

characterized by what appeared to be an insufficient effort" and she tested in the malingering range on a memory test. (AR 645.) He was unable to make conclusive determinations on several measures because of lack of cooperation. (AR 648.) He specifically found that Plaintiff malingered on the exams. (AR 647.) Plaintiff contends that the memory test relied on by Dr. Riahinejad is unreliable but the ALJ and Dr. Riahinejad were relying on more than just that one test. Thus, having found Plaintiff to have malingered, the ALJ asserts there is no need to provide clear and convincing reasons to discount Plaintiff's credibility. (AR 27.)

In any event, the ALJ did present clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. First, the ALJ found that Claimant's credibility was reduced by the lack of objective medical evidence to substantiate her claims. (AR 27.) An ALJ is entitled to corroborate a claimant's symptoms so long as it is not the only reason for discounting credibility. Burch, 400 F.3d at 680-81.

Second, the ALJ found that Claimant has a poor record and has shown little propensity to work even when not disabled. An ALJ may consider poor work history in evaluating credibility. Thomas, 278 F.3d at 959.

Third, the ALJ found that Claimant's activities of daily living are not consistent with the alleged degree of pain. (AR 27.) She takes care of her own hygiene, does household chores, and is able to shop, drive and use public transportation. (AR 27.) The Ninth Circuit has found these activities can be inconsistent with allegations of disability. Thomas, 278 F.3d at 958-59. Even if these activities do not prove Plaintiff is able to work, they suggest that Claimant's allegations of limitations are overstated. (AR 27); see Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ provided clear and convincing reasons supported by substantial evidence for discrediting Plaintiff's subjective symptoms.

* * *

The ALJ's RFC is supported by substantial evidence.

14

**II.   THE ALJ'S STEP FIVE FINDING IS SUPPORTED**
**BY SUBSTANTIAL EVIDENCE**

At step five of the sequential process, the ALJ found Plaintiff not disabled under the framework of Section 204 of the Grids.  (AR 29-30.)  Plaintiff contends that, because she claims nonexertional impairments, the ALJ was required to obtain the testimony of a vocational expert.  Plaintiff is incorrect.  Use of the Grids is only precluded if a claimant's nonexertional limits "significantly limit" the range of work permitted by any exertional limitations.  <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1102 (9th Cir. 1999).  Here, the ALJ determined that Plaintiff's nonexertional limitations "have little or no effect on the base of unskilled work at all exertional levels."  (AR 29.)  Plaintiff asserts that Dr. Riahinejad's pace limitation would limit her range of work but the ALJ properly rejected Dr. Riahinejad's pace limitation.  (AR 25.)  Thus, there was no error in using the Grids at step five to determine that Plaintiff can perform work in the national economy limited to simple, repetitive tasks.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

### ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 28, 2014                    _____*/s/ John E. McDermott*_____
                                                                  JOHN E. MCDERMOTT
                                                                  UNITED STATES MAGISTRATE JUDGE